Mr. Harris. Good morning, Judge. May it please the Court, my name is Scott Harris and I along with Andrew Hamilton represent the Cardigan Mountain School in this case. The Cardigan on the pleadings in the District Court. The issue before the Court, we believe, is the extent to which our complaint had the heft necessary to meet the standard of Rule 8 that requires a short, concise pleading that supports our claim for relief. We believe that our complaint met that standard and that the New Hampshire Insurance Company errs in urging support of the District Court's decision for two reasons. First, we believe that the New Hampshire Insurance Company's position is that we had to establish a probable likelihood of success on our claim, not that our claim was plausible. And they urge an evidentiary review of the facts that we believe is inappropriate in a motion to dismiss. Second, the New Hampshire Insurance Company has taken fact by fact and isolated those facts in making its evidentiary review and has not taken the facts as a whole as we believe is required by Rule 8. So a evidentiary review, it's a vehicle to test the plaintiff's case to determine whether the facts asserted, taken as a whole, drawing all reasonable inferences in the plaintiff's favor, entitle the litigant to at least make a claim for discovery. Now the facts that we say support our claim are really just three and they can be found in paragraphs 13 to 15 of our complaint in the audit report. Our facts supporting the existence of the missing insurance policy. There was an audit report that reported that the auditors had discovered a general liability policy covering a million dollars worth of general claims for the 1970-1971 school year. Now we're talking about the 1967-1968 school year, so we need to move our proof backwards in order to establish the heft necessary to show that we have a plausible claim that the policy actually existed. Are there any allegations in the complaint about pre-1967? No. Okay. And so the second fact is in order to, so we can say with all the inferences that we're entitled to, that a policy with New Hampshire Insurance Company existed covering the type of liability we're concerned with in the 1970-1971 time frame. The auditor who actually was the principal in the firm that conducted this audit would testify, as we allege in the complaint, that he would have or his staff would have noted had there been any change in the policy issuance in the year prior to the audit. So we now have 1969 and 1970 with the inferential evidence necessary to say that the policy with New Hampshire Insurance Company existed in the 69-70 time frame. The final piece of evidence, the pivotal evidence that we have, is the statement of the business manager for Cardigan Mountain School during the time period from 1967 to 1970. So in other words, the time period where we've established that the policy existed and was written by New Hampshire Insurance Company, who would say that he understood that there was policy, there was a policy insurance of insurance in place during his tenure, the 67-70 time frame, and that there was no change of insurance company. He didn't say that he understood that. His statement was, I don't believe that there was a change of insurance. Correct. He said that's not the same thing as saying there was no change of insurance. That's correct, Your Honor. And we would, and that's it, that's exactly why the district court, I think, gave us the treatment that it gave us. But that is an evidentiary view, Your Honor. No, it's not an evidentiary view. The fact that you've pleaded is the statement, I don't believe that there was a change in insurance. Now, the question that this case presents is, does that fact, I don't believe there was a change in insurance, in combination with the other facts that you've alleged, lead to a plausible statement of claim? Correct. All right. But you can't transmogrify, I don't believe that there was a change in insurance, into a statement of fact, there was no change in insurance. That's not pleaded anywhere in your complaint. That's correct. But what we have argued is that I do not believe that there was a change in insurance is, when viewed with the inferences that it is entitled to be viewed with, has got to be assumed as a fact that supports the contention that there was a plausible reason to believe that the policy was in place during that period. Because, and the reason that I say that the court took an evidentiary view is, the question really then is, what does he base his belief on? And we don't believe as a matter of pleading that it would be proper or acceptable to try and limb out all of the reasons that he would believe that. That's a matter for cross-examination and something that would certainly be the subject of cross-examination as the district court stated in her opinion, it's a 40-year-old recollection. What does the business manager say with respect to whether there was insurance in 1967? What does the business manager say with respect to whether there was insurance, no matter the carrier? He says that there was insurance between 1967 and 1970 and that he does not believe that there was any change in carrier. So he would state that there was insurance in place in that time period. Can I ask you about the coverage issue? Yes. Is there any, in the complaint, there's no reference to what the coverage was other than it was a general policy or what the claim is that you'd like now to have covered. Is that correct? That's correct, yes. And why is that allowable? In other words, how can you make a plausible claim that you have a policy that covers, because that's what your claim is, you're not pleading just you're claiming coverage. How can you make that claim without identifying what it is that you want to have covered and what the policy contained that would cover it? So that's a good point. And I would point the court to the addendum at page 16, which describes exactly what the coverage is. And it is a million-dollar general liability policy. What we said in our complaint, I believe, is that we were threatened with a type of claim. We didn't specify it because, we didn't specify exactly what that claim was, but there's been no question, and I think we're inferentially entitled to, if you take a look at the insurance coverage as it's described, it's basically an all-risk policy. I don't think that the court could think of a type of claim against the Cardigan Mountain School that wouldn't be covered for the reasons outlined on page 16 for the insurance company that's described by the auditor. Any CGL, any comprehensive general liability policy I've ever seen has lots of exceptions and exclusions. For example, you usually have to have a special rider for things like slander and defamation. There's a separate type of policy that's needed to cover medical malpractice claims, you know, on and on. So again, why are you entitled to an assumption that a type of claim which you don't allege in your complaint is a covered claim, or it would be covered? The first requirement, and the thing that we were attempting to plead, is the existence of the policy itself. But that can't be a claim that we would care about, to put it in just the sharpest terms, in the sense that whether you have a policy or not is not a dispute that has any significance. You must be claiming that you have a policy that covers the claim that's being brought against you. So do you allege in the complaint that the policy covers the unidentified claim? I believe that when you read the complaint as a whole, that's exactly what we're claiming. But I couldn't find any such allegation in the complaint. Well, we reported to the insurance company that we were seeking coverage of the type of claim that we were alleging. That's what we've alleged in our complaint. And we go through at some length about the issue of, you know, did you find this general liability policy that covers? We don't specifically say in our complaint, however, exactly what the graph in the claim is, other than to say that we were seeking coverage of that claim. But the insurance company knows what the claim is? I believe so. You believe so? We haven't alleged it in our complaint, but we certainly did spell it out in our... Is there anything in the record that indicates whether the insurance company even knows what the claim is? I don't believe that there's anything specifically referenced in this complaint or in the record. Just the allegation that we were seeking coverage of that claim, and no one has ever contested that. This is Mark Sheridan from Squire Patent Logs on behalf of New Hampshire Insurance Company. The decision below should be affirmed. The complaint fails to state a claim. Nothing about plaintiff's allegations plausibly suggests the existence of an insurance policy issued by New Hampshire Insurance Company to Cardigan Mountain for the 19th century. Can I just ask on the point we were just discussing, is that the only argument you're making just that it exists, it's covered, in this motion to dismiss? In this motion to dismiss, no, your honor. So the only issue for us is whether it exists. If you've waived any claim that even if it exists it might not cover it. We're not waiving the fact that it might be covered, your honor. I guess that's, for the 12B6 motion to dismiss, you're either arguing that you win because they haven't alleged that the claim is covered, or you're arguing that the policy doesn't exist, or you're arguing both. I'm arguing both, your honor. In the first instance, they haven't. In this motion to dismiss, you're arguing both? In this motion to dismiss, this is only about the existence of the policy. The issue about whether or not the policy provides coverage was never brought to the fore because it's nowhere in the complaint, as your honor recognized earlier. But is that part of your opposition? Is that part of your motion to dismiss? It's not, your honor. We did not raise that below, so it's not part of our opposition at this point in time. What plaintiff seeks is all reasonable inferences, but what they ask the court to do is to credit mere speculation, draw inferences from that speculation, and then draw inferences on those inferences to create the existence of a policy. Relying on evidence regarding a 1970-71 policy to prove the existence of a 67-68 policy does not work, your honor. Your honor asked whether the broker, or I'm sorry, the auditor made any statements about whether they had insurance during the policy period. The fact is that the manager indicated that he was certain they had insurance. But to Judge Sully's point, when asked about whether they changed carriers, the best he could come up with is, I don't believe they changed carriers. And then from that point, to get to New Hampshire Insurance Company issuing policies, the best that they could say is, we used A.B. Giles as our broker. And upon information and belief, A.B. Giles had a personal relationship with New Hampshire Insurance Company and directed most of his clients there. Your honor, that's nothing more than speculation. And what they seek from that is an inference about the existence of a policy. Suppose he had said, I believe we did not change carriers. Is that meaningfully different than, I don't believe we changed characters? I believe it is, but I don't believe either get you to the point that he's entitled to an inference that a policy existed for New Hampshire Insurance Company. And what would be wrong if he had said, I believe we did not change carriers? We had insurance. I believe we did not change carriers. Why wouldn't that make it plausible when the business manager says that? They obviously don't have the policy. Your honor, first of all, the business manager wasn't there when the 70-71 policy was in place. So you have to take the inferences drawn from what the auditor says, bring it back to 69-70, and then take additional inferences from what the business manager says to get to that point. All you're doing is compounding inference upon inference to get to the conclusion that there was a policy for the 67-68 period. When did the business manager leave? He left in 70, your honor. The policy period that the auditor has information about was from September of 70 through June of 71. The business manager left before that school year. It's in their complaint. The person that they are trying to suggest creates an inference about the existence of the policy based on some other allegation wasn't even there at the time that that allegation was made. In short, nothing about the allegations in this complaint plausibly suggests that there was a policy in effect from 1967 to 1968.  I apologize. I'd like you to go back over it. The audit report from 70-71 does not note a change in 69-70. The auditor said it would have noted that change. The business manager was there in 69-70. What the auditor says is, I believe if there had been a change that we would have noted it. He also doesn't suggest that he was the auditor at the time. His company was. Nowhere does it say that he is the auditor. So what we have to do is infer that because his company ordered it, he knew about the audit, was involved in it, and knew what was done in the audit. And then you have to take his belief that if he had been involved, it would have been noted. That's compounding inference upon inference. Why is that not plausible? Why isn't that enough to get discovery in a lost policy case? Your Honor, that gets us to the 69-70 period. That's still a long way from 67-68. You then have to go to the business manager's argument that he does not believe that they changed carriers, which, again, is not, I know they didn't change carriers, we didn't change carriers, I believe we had the same carrier. It is. Well, I thought you were, I just was asking that. I don't believe we changed characters. Is it meaningfully different to you than I believe we did not change carriers? I believe it is meaningfully different. I believe it comes well short of the requirement of plausibility, that we had a policy. I don't believe, does not say, I know, I'm sure that we had a policy, we had a policy. I don't believe, though, to say, if the business manager had said, I believe we had a policy, I don't believe that would be sufficient either. I think it's nothing more than speculation. But it goes a step further when he doesn't say it in the affirmative but says it in the negative. And in that case, you cannot give them the inference that there was a policy in effect at that time. Is there a lost policy case that you can cite to us where they dismissed? In other words, it would be helpful if there was some precedent, because there's a lot of summary judgment cases. But the summary judgment cases suggest to me that, in general, lost policy cases can get past the pleading stage. And I don't really have a good feel for what the standard is on a lost policy case, because you don't have the policy in a lost policy case. So there's going to be, at some level, some speculation about whether there's a policy or not. And so I guess what's the quantum that you need? I just can't find much precedent to give as guidance. Historically, in those cases, either there is a check, a ledger indication that there is a payment to the insurance carrier, a policy number, a declarations page, a following-year policy that lists the previous year as a renewal. In this case, we have none of that. We have a policy from three to four years later saying that New Hampshire Insurance Company was the company. And we have somebody saying, we used this broker who generally sent most of his clients to New Hampshire Insurance Company. That's not enough to get them there. They need to come up with some concrete evidence that there was a policy. And at that point in time, they will get discovery about whether that policy actually existed, was actually issued, and what its material terms were. That's their burden in a lost policy case. What they're seeking to do here is to shift the burden and say, you, New Hampshire Insurance Company, have to conduct a search and disprove the existence of this insurance policy. The First Circuit has repeatedly said that that's not appropriate. Yeah, but that's not really a fair characterization of their position. They're not trying to shift the burden. They're simply trying to get over a hurdle that will allow them to take discovery. I don't see anything in their brief that suggests that they're not willing to assume their burden. They just say, we need discovery to do it, and we've got a plausible reason to believe that this is the company that carried the insurance. First, I don't believe they have a plausible reason. No, I'm saying what their position is. So I would suggest that they don't have a plausible reason to believe that New Hampshire Insurance Company was the carrier for 6768 based on the evidence presented. Is that because there's no contemporaneous documentary evidence? Is that the bottom line rule that you're asking for? In other words, you said usually you have a check or a declarations page or something. Suppose you don't have any of that, like in this case. Is your position in the absence of some documentary evidence you can't win? I do believe that, Your Honor. I do. I will tell you that if they had people that said, we used New Hampshire Insurance Company forever, that was our carrier, we would have a tougher fight. They don't have that kind of evidence here. What they have is speculation, and that's all they have. Thank you.